## UNITED STATES BANKRUPTCY COURT
### Eastern District of Louisiana

| | | |
|---|---|---|
| IN RE: | * | Case No. 13-11972 |
| **RICHELLA ANN MAXWELL** | * | |
|     Debtor | * | |
| | * | |
| | * | |
| **BETTY LOU THOMAS** | * | |
|     Plaintiff | * | CHAPTER 7 |
| | * | |
| VERSUS | * | |
| | * | |
| **RICHELLA ANN MAXWELL** | * | ADVERSARY PROCEEDING NO. |
|     Defendant | * | |
| | * | _____ |
| * * * * * * * | | |

### 11 U.S.C. § 523 COMPLAINT OF BETTY LOU THOMAS

**NOW INTO COURT**, through undersigned counsel, comes Betty Lou Thomas, plaintiff/creditor herein, who, pursuant to 11 U.S.C. § 523(a)(2) and (b), respectfully objects to the discharge of her debt in favor of Debtor, Richella Ann Maxwell, and prays that this Court deny the discharge.

In furtherance of this Complaint and Objection to Discharge, Betty Lou Thomas represents as follows:

### I.

This Court has jurisdiction over the matter pursuant to 11 U.S.C. § 727, 28 U.S.C. § 1334, and 28 U.S.C. §157. This is a core proceeding, and venue is proper pursuant to 28 U.S.C. § 1409.

**II.**

Debtor, Richella Ann Maxwell, filed a voluntary Petition under Chapter 7 of the United States Code (the "Bankruptcy Code") on July 17, 2013.

**III.**

Prior to the filing of this Complaint, Creditor Betty Lou Thomas filed a Motion for Extension of Time Within Which to File a § 523 Complaint with this Court on September 26, 2013 (Rec. Doc. 18) with a request for expedited hearing (Rec. Doc. 20). Creditor also filed a Motion for Relief from Stay (Rec. Doc. 22) with this Court, requesting that she be entitled to pursuant the resolve her pending state curt claim against the Debtor. On October 10, 2013, this Court granted Creditor's Motion for Extension of Time (Rec. Doc. 32), as well as Creditor's Motion for Relief from Stay (Rec. Doc. 31).

**IV.**

On our about June 30, 2007, Betty Lou Thomas entered into a construction contract with the Debtor, Richella Maxwell and Ronnie Mitchell d/b/a Mitchell's Construction and Restoration, L.L.C. (collectively referred to as "the Contractor") to complete repairs on Betty Lou Thomas's multi-family home, located at 3704 and 3706 Toledano Street, New Orleans, Louisiana (hereinafter "the Toledano Street property") for damages suffered as a result of Hurricane Katrina.

**V.**

The contract called for three equal payments to be made by Betty Lou Thomas, one as a down payment, and two additional, periodic payments of $10,667.

VI.

On our about June 30, 2007, Betty Lou Thomas paid the Contractor the down payment of $10,677, made out personally to the Debtor.

VII.

After this down payment, the Contractor completed some initial sheetrock and installation work at the Toledano Street property, but failed to complete any electrical or plumbing work, as outlined in phase 1 of the contract.

VIII.

On or about July 19, 2007, Betty Lou Thomas paid the Contractor a second payment totaling $10,667 as requested by the Contractor in order for the Contractor to purchase supplies and pay the sub-contractors. That information was false, as no supplies were bought and no sub-contractors were paid, and constitutes fraud within the meaning of Louisiana Civil Code art. 1953. That payment was cashed by the Debtor.

IX.

Despite being paid $21,334.00, the Contractor failed to perform any work on the Toledano Street property to Betty Lou Thomas since her second payment and only minimal work since her down payment.

X.

From November 30, 2007 to May 2008, Betty Lou Thomas repeatedly attempted to contact the Contractor so as to inquire about why no work had been done on the Toledano Street property. The Contractor informed Ms. Thomas that instead of using the

payments made to the Debtor and the business by Betty Lou Thomas, the funds were misused and commingled into a personal account. Upon information and belief, those funds were used by the contractor for personal use and obtained with fraudulent intent to deceive Ms. Thomas.

## XI.

On October 10, 2008, Betty Lou Thomas filed suit against the Debtor in Civil District Court for the Parish of Orleans, State of Louisiana, for claims against the Debtor for fraudulent conversion and bad faith breach of contract in connection with the construction contract to repair damages to Ms. Thomas' home due to Hurricane Katrina, styled "*Betty Lou Thomas versus Mitchell's Construction and Restoration, L.L.C., individually, Ronnie Mitchell and, individually, Richella Maxwell*," Case No. 08-10616.

## XII.

Therefore, Betty Lou Thomas has asserted claims against Debtor for bad faith breach of construction contract, fraud, conversion and for violations under the Louisiana Unfair Trade Practices and Consumer Law.

## XIII.

Betty Lou Thomas' claims against Debtor have progressed naturally until the Debtor's July 17, 2013, bankruptcy filing, which automatically stayed the proceedings in the Civil District Court for the Parish of Orleans.

**XIV.**

The trial of this matter was set for January 28, 2014 and was scheduled to last one day.

**XV.**

On the eve of trial, however, the trial had to be continued due to the Court closings experienced in the area caused by the inclement weather of January 28, 2014 and January 29, 2014. The parties are awaiting a new trial date at this time.

**XVI.**

If Betty Lou Thomas is successful in her claims against the Debtor in Civil District Court for the Parish of Orleans, the Debtor would not be allowed to discharge her claims, since her claims against the Debtor would be secured by a money judgment based on Debtor's fraud, as well as her willful injury to the property of Ms. Thomas, all as provided for in 11 U.S.C. § 5123(a)(2) and (6). See also, *In re Cordwell*, 487 Fed Appx. 183, 185 (5th Cir. 2012) (holding that a debt should not be discharged if the debt was obtained by fraud); *In re Gibson*, 349 B.R. 54, 57-58 (Bankr. D. Idaho 2006) (holding that a creditor was entitled to relief from an automatic stay in bankruptcy court in order to pursue pending fraud charges in state court).

**XVII.**

Considering the foregoing, Betty Lou Thomas seeks a denial of the Debtor's discharge of debt under 11 U.S.C. § 523.

5

**WHEREFORE**, Betty Lou Thomas, Creditor, prays that after service of summons, and after due proceedings, that the discharge of the Debtor be denied under 11 U.S.C. § 523, and for all other relief as is just.

Respectfully Submitted:

MURPHY, ROGERS, SLOSS & GAMBEL

/s/ *Timothy D. DePaula*
_____
Timothy D. DePaula (#31699)
tdd@mrsnola.com
One Shell Square, Suite 400
701 Poydras Street
New Orleans, LA 70139
Telephone: (504) 523-0400
Fax: (504) 523-5574

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that 3 February 2014, a copy of the foregoing pleading was sent to all counsel of record, either by operation of the Court's CM/ECF system, by hand, by e-mail, by telefax or by placing same in the United States mail, properly addressed, and first class postage prepaid.

   /s/ *Timothy D. DePaula*

999/3784